**Manna HEDRU, Plaintiff–Appellant,**

v.

**METRO–NORTH COMMUTER RAILROAD, Defendant– Appellee.**

No. 06–2543–cv.

United States Court of Appeals, Second Circuit.

Feb. 8, 2008.

See also, 433 F.Supp.2d. 358.

Injured employee waived challenge to sufficiency of evidence, in negligence action against employer, where he did not move for judgment notwithstanding verdict or for new trial.

Mitchell L. Perry, Bronx, NY, for Appellant.

William G. Ballaine (Ameet B. Kabrawala, on the brief), Landman Corsi Ballaine & Ford P.C., New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Plaintiff–Appellant Manna Hedru appeals from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*). We assume the parties' familiarity with the underlying facts and procedural history of the case, and the issues on appeal.

Appellant was formerly employed by Metro–North as an electrician. Hedru claimed that while on the job during the early morning hours on October 31, 2002, he tripped and fell on a section of new asphalt that was about two and a half inches higher than the section on which he had been walking. He was injured again while performing a train inspection on December 26, 2002, when he slipped and fell on water-covered ice inside a train car. Hedru sued Metro–North under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 *et. seq.,* for damages arising from the two incidents, alleging that Metro–North had been negligent in maintaining the premises.

Before trial, Metro–North tendered an Offer of Judgment to Appellant in the amount of $450,000. *See* Fed.R.Civ.P. 68. Appellant rejected the offer. After a four-day trial, a jury found that Metro–North was not negligent with regard to the October 2002 incident, but that it was negligent with regard to the December 2002 incident. The jury also found that Hedru's damages from the December accident totaled $400,000, and that Hedru was 75% contributorily negligent. Therefore, Hedru was awarded $100,000.

Hedru did not move for a judgment notwithstanding the verdict, nor did he move for a new trial. *See* Fed.R.Civ.P. 50(b), 59. On appeal, however, he argues that the verdict should be overturned because the jury's findings were "against the weight and contrary to the clear evidence," and that we should order a new trial "in order to prevent a manifest injustice."

It is well settled that a claim that a verdict was based on insufficient evidence cannot be raised for the first time on appeal. *See, e.g., Jacques v. DiMarzio, Inc.,* 386 F.3d 192, 199 (2d Cir.2004) (declining to address sufficiency of evidence claim because no post-verdict motion for judgment as a matter of law was made); *Patrolmen's Benevolent Ass'n of New York v. City of New York,* 310 F.3d 43, 51 n. 5 (2d Cir.2002) ("To the extent that appellants request a new trial on these claims on the grounds that the verdict was against the weight of the evidence ... that request must be denied because it was not raised before the trial judge."). None of Hedru's contentions were raised in the appropriate post-trial motions. Therefore, we do not review Appellant's sufficiency of the evidence claim.

We could order a new trial if the jury's verdict were "wholly without legal support." *Varda, Inc. v. Ins. Co. of N. Am.,* 45 F.3d 634, 638 (2d Cir.1995) (quoting *Sojak v. Hudson Waterways Corp.,* 590 F.2d 53, 54 (2d Cir.1978) (per curiam)). Upon reviewing the evidence introduced at trial, however, we cannot agree with Appellant that the jury's verdict in this case—finding that Metro–North was not negligent for the October 2002 incident, and that Hedru was 75% contributorily negligent for the December 2002 incident—was "wholly without legal support." Nor do we perceive any error in the district court's instructions to the jury.

Having considered Appellant's remaining arguments and finding them without merit, we hereby AFFIRM the judgment of the district court.